A. H. Webster et al. *v.* P. A. Parker et al.

A. H. WEBSTER *et al. v.* P. A. PARKER *et al.*

42 465
89 518

1. ESTATES OF DECEDENTS: SALE OF REALTY TO PAY DEBTS AFTER DE-VASTAVIT BY EXECUTOR OR ADMINISTRATOR. — When personal assets sufficient to pay all claims against an estate have come to the hands of the executor or administrator, who fails to administer or account therefor, the lands will not be decreed to be sold to pay debts unless the creditor has exhausted all remedy against such executor or administrator and their sureties. 32 Miss. 320; 40 ib. 643.

2. SAME: SAME: ESTATE FOR YEARS A CHATTEL INTEREST: DESCEND TO PERSONAL REPRESENTATIVES AND NOT TO THE HEIR. — An estate fo years in land is a chattel interest, and on the death of the tenant for years before the expiration of the term, the estate descends to his personal representatives, and not to the heir; and upon an insufficiency of personalty to pay debts, resulting from a devastavit, the sale of an estate for years to pay debts will be decreed before exhausting remedies against personal representatives and sureties.

ERROR to the Chancery Court of Holmes county. Hon. J. A. P. Campbell, chancellor.

*J. J. Hooker* for plaintiffs in error.

1. That the realty of a decedent was protected from sale for the payment of debts until the personalty proved insufficient. Rev. Code, art. 80, p. 443.

2. That the same reason and necessity which protects the lands of a decedent, of which he is seized in fee, from sale for the payment of debts, extends to a leasehold estate.

3. That art. 80, p. 443, of Revised Code, applies to every interest in real estate — an estate for years as well as an estate in fee.

4. That the vendor of a leasehold estate has a lien on the same for the payment of the purchase-money. Such would not be the case if it were personal estate. *Richardson* v. *Bowman*, 40 Miss. 782.

5. That the argument that a leasehold estate at common law goes to the personal representatives and not to the heir, is not

30

applicable under the provisions of our statute.    Rev. Code, 443, art. 80.

*J. M. Dyer* for defendants in error.

It is provided in the Revised Code, p. 443, art. 80, that the goods, chattels, personal estate, etc., and the land, etc., of a deceased person shall be assets for the payment of his debts. It is, however, in this particular case not necessary to inquire how far the lands of decedents are subject to their debts, as the property levied on is leasehold, and therefore personal estate.

The case made by the bill is, that if an executor or adminis-trator wastes part of the personal estate, the creditor's recourse against the estate is to that extent lost, and that they are forced to sue the executor on his bond. This position is wholly un-tenable upon principle and authority. The creditor cannot sue the administrator for his debt until nine months after the grant of administration, and the administrator can plead at the first term, and continue the case six months longer, and the creditor could not sue the administrator on his bond until after he obtains judgment. In the meantime, the property may have been greatly wasted or depreciated, without any fault of his; if the estate consists of cotton, it might have fallen from twenty to ten or five cents per pound; if slaves, as in past times, they may have been swept away by pestilence; if in debts on other persons, they may become worthless or greatly depreciated. Tie up the creditor's hands, as they are by law for fifteen or twenty months, and say that, if the property in the interim is half wasted or destroyed, that the loss shall fall on the creditor, and *not* on the legatee or heir; the proposition is revolting.

To do this would be to give the legatee or heir the prefer-ence over the creditor. The heir stands in the shoes of the ancestor. Certainly the child has no greater rights than the father would have, if living. The administrator is the repre-sentative of the father. How would it look for a man to say to his creditor, "I have wasted one half of my estate, and for that reason your debt is discharged; and you cannot touch the

·remainder of my property." Of what avail would it be? None. The heir takes his father's property just as he held it, subject to his debts.

The personal property, upon the death of a party, goes to his administrator. For what purpose? First, to pay his debts, and, if there is any left, for distribution to his children. It all descends to the administrator, not a part; and it all goes to him charged with his debts. The opposing side seem to think that the part wasted by the administrator is the only portion chargeable with the debts. This would, in effect, make the creditors sureties of the administrator. Are they such? The statute has not so ordered. Why should they be his sureties, instead of the heirs'? And why should the heirs have a preference over them? Justice would give the preference to the other side.

The policy of our laws is to subject all of a decedent's property, real as well as personal, to the payment of his debts, except such as is exempted. The only doubt entertained on the question was whether, as land technically descends to the heirs, it might not, under some circumstances, be discharged from the debts. That the personalty is liable to his debts, admits of no question; and in the case of *Evans* v. *Fisher*, 40 Miss. Rep. 643, this court has decided that the land is likewise subject to the payment of the debts, though the personal estate, at time of death of the deceased, was sufficient to pay the debts, and has, from any cause, become insufficient to do so, without the fault of the creditor. In England, after a long struggle, land has been made assets, to be administered in equity for the payment of both simple contract and specialty debts. See Act 3 and 4, William IV., chap. 104. By common law all personal property of which a person died possessed becomes liable, in England, to the payment of his debts. If the land is exempt, and the personalty too, where will a creditor·resort for the satisfaction of his debts? To the bond of an insolvent administrator, with insolvent securities, as is now the case in this State, in nine cases out of ten — that would be to leave him without remedy.

In *Evans* v. *Fisher*, 40 Miss. Rep. 671, 672, this court says

it is not to be presumed that the legislature intended that the rights of creditors, against the real estate, should be fixed by the condition of the personalty at the time of the death of the testator or at a subsequent period, without the fault of the creditor, when he was prohibited from suing for nine months, and when two years are allowed for the production of claims against the estate, and many other delays are incident to the final settlement of estates.

The rule is well settled, that where the executor has wasted the estate, that a legatee who has been paid must refund to the creditors. *Evans* v. *Fisher*, 40 Miss. Rep. 673 ; *Hardwick* v. *Mynd*, 1 Aust. 112 ; Anon., 1 Vernon, 162 ; *Lupton* v. *Lupton*, 2 Johns. Chan. Rep. 614, 627.

In this case the legatee, Mrs. Ann H. Webster, is seeking to prevent the creditors from selling the property of her father to pay their debts. This she cannot do ; because, if the property had been distributed to her, she could, according to the above authorities, be forced to refund to pay *their debts. If that is so*, it follows that their claims are superior to hers, and if any one must resort to the administration bond, it must be she, not they.

A creditor can compel a legatee to refund, if necessary, although the testator's funds may have been sufficient to pay both debts and legacies. 2 Williams on Exrs. 1308, 1309 (5th Am. ed.); *Stuart* v. *Kissam*, 2 Barb. Sup. Court Rep. 493. Judge Story says " that legatees are compellable to refund in favor of creditors, because the latter have a priority of satisfaction out of the assets." 1 Story's Eq. Ju. § 92. The same principle is applicable between the creditors and the heir. 40 Miss. Rep. 674.

The authorities settle the question that the creditor's claim is superior to that of the heir or legatee, and that, if an executor or administrator has committed a devastavit, but has still property in his hands, that the creditor may resort at once to that, without suing on his bond. The creditor is not forced to rely on the bond until all the estate is exhausted.

2. The next question presented is, Is the part of the sixteenth

section mentioned in the bill, and which was levied on by executions emanating from said judgments, personal property, and as such subject to sale under said executions? If said sixteenth section was real estate, it would not be subject to said execution, because a judgment against an administrator is only against the goods and chattels of the decedent. But this court judicially knows that the sixteenth sections are school lands, and can only be leased by the township trustees for ninety-nine years, and hence are chattels. Hutch. Code, 213, § 172.

In *Dillingham* v. *Jenkins*, 7 S. & M. 479, 487, this court decided that a lease for ninety-nine years is of no higher dignity than a lease or term for one year; that both are mere chattels, and go to the administrator to be administered. In *Smith* v. *Estell*, 5 George, 527, it is decided that a leasehold interest, or a term for years in land, is personal property. See also *Doe* d. *Stevens* v. *Douston*, 1 B. & A. 230, which show that the same doctrine obtains in England.

SHACKELFORD, C. J., delivered the opinion of the court.

This was a bill filed in the Chancery Court of Holmes county, by Ann H. Webster and her husband, against the defendants in error, to enjoin the sale of the southeast quarter of section 16, town 13, of range No. 2, east, levied upon by virtue of certain writs of *fieri facias*, issued upon judgments obtained against J. M. Stigler, sheriff, and administrator *de bonis non* of the estate of Robert Howard, deceased.

The bill shows that the complainant, Ann H. Webster, is the daughter and one of the heirs-at-law of Robert Howard, deceased; that said Howard died seized and possessed of a large real and personal estate and left a will devising his estate to his widow Sarah and her three children; that in the distribution of the estate, the land levied upon was assigned to her as a portion of the real estate of her deceased father; that she was in possession of it at the time of filing her bill. It is further alleged that the said Sarah was appointed executrix of the estate of her husband, by his last will, etc., and that she qualified and gave bond, and took possession of the entire estate; that

she died in 1862, and that J. M. Stigler, the sheriff of Holmes county, administered upon her estate, and rendered a final account of her administration of the estate of Robert Howard, deceased, at the August Term, 1867, of the said Probate Court, showing a balance unadministered or unaccounted for by said executrix of $9,443.21 for money, cotton, and other effects received by her.

It is further alleged that the personal estate of Robert Howard, deceased, was more than sufficient to pay the debts of the estate, aside from that which has been distributed to the heirs-at-law, or that may now be on hand; and that whatever insufficiency of assets there may be to pay the debts of the estate, is in consequence of a *devastavit*, as shown by the final account of J. M. Stigler as administrator of Sarah Howard, the executrix of her deceased husband's estate.

It appears further from the record that said J. M. Stigler, sheriff, was appointed by said Probate Court administrator *de bonis non* of the estate of Robert Howard, and that during his administration of said estate the judgments were obtained against him, upon which the executions of *fi. fa.* were issued and levied upon the land in question.

An injunction was issued, stopoing the sale of the said tract of land.

A demurrer was filed to the bill of plaintiffs in error, assigning various grounds; the demurrer was sustained, and the bill dismissed.

To reverse this decree the plaintiffs in error prosecute this writ of error.

The action of the court below in sustaining the demurrer of defendants in error is made the only ground for error in this court, which is, that "the court erred in sustaining the demurrer to the said bill, because. the lands of plaintiffs in error are not chargeable with the debts of their ancestor, and cannot be subjected to payment thereof until the ·personal estate is exhausted."

" The protection of lands and tenements and hereditaments from sale, for payment of debts of decedents, until the per-

sonal estate is exhausted, will protect a leasehold estate in lands until the final disposition of the personal estate."

It is insisted in behalf of the plaintiffs in error that the lands levied upon, under the executions issued upon the judgments obtained against J. M. Stigler, the administrator *de bonis non* of the estate of Robert Howard, in favor of defendants in error, are not subject to sale, because there was a much larger amount of personal estate left by Robert Howard than was sufficient to pay all his debts, which passed into the hands of his executrix, Sarah Howard, and that before they can subject the land in question to sale under their judgments they must pursue the sureties on the official bond of Sarah Howard as executrix upon said estate.

This position of counsel would be tenable if the lands in question were not a leasehold estate; as by the demurrer it is admitted that there was at the time of the death of Robert Howard three times as much personal estate as was sufficient to pay all the debts of the estate, and that a large amount of this property has been wasted by the executrix, Sarah Howard, deceased.

This court has held, that when personal assets largely in excess of the amount of the claims against an estate had passed into the hands of an administrator, and had never been administered or accounted for, the lands of a decedent would not be decreed to be sold to pay his debts, unless the creditor had exhausted all remedy in due legal form against the administrator and his sureties. *Paine* v. *Pendleton et. al.* 32 Miss Rep. p. 320; *Evans* v. *Fisher*, 40 Miss.

It is admitted in the argument of counsel, and shown by the record, that the interest of plaintiffs in error in the land in question is only a leasehold interest.

Any estate less than a freehold, such as estates for years, are chattel interests, and if they continue for a longer period than the life of the tenant, they go to his personal representatives, his executors or administrators. 1 Prest. on Est. p. 203; 1 Wash. on Real Prop. p. 60.

This court has adjudicated upon the precise question involved

in the case under consideration — the interest vested in lessees of *sixteenth sections* in this State, where the lease is for ninety-nine years, as was the case of the lease to the ancestor of the plaintiff in error, Mrs. Ann H. Webster — holding that such leases are of no higher dignity than a lease or term for one year, and that the leased premises go into the hands of the administrator or executor of the lessee, to be administered as any other chattel, and not to the heir. *Dillingham* v. *Jenkins*, 7 S. & M. Rep. p. 479.

In many of the States of the Union, by statute these leasehold estates for ninety-nine years are made descendible to the heirs of the lessees. It is to be regretted that there is not a similar statute in this State, as many of the homes of widowed families are upon such estates.

We shall adhere to the doctrine laid down in the foregoing authorities, and affirm the decision of the chancellor sustaining the demurrer, and dismissing the bill of plaintiffs in error.

The only remedy for the plaintiffs in error is to pursue the estate of the defaulting executrix and the sureties upon her official bond for the loss they will have to sustain by the sale of the leasehold estate in question.

Let the decree be affirmed.