### D. A. WILKINSON et al. v. STEPHEN WINGATE et al.

APPEAL FROM CHANCERY COURT — JURISDICTION. — This court has no jurisdiction of an appeal by a defendant in the chancery court from a decree sustaining one of ten grounds of demurrer, overruling the rest and granting complainant leave to amend his bill, and such appeal will be dismissed. An appeal lies from a demurrer overruled, but not, at the instance of the defendant, from a demurrer sustained.

APPEAL from the chancery court of Smith county. GOWAN, Chancellor.

The facts of this case are stated in the opinion of the court with such minuteness as to make any statement here supererogatory.

*W. H. & T. J. Hardy*, for appellants.

*A. J. McLaurin*, for appellees.

TARBELL, J.:

In August, 1857, John C. Wilkinson, principal, and W. T. Ward, surety, citizens of Smith county, executed to John V. Ford, treasurer of said county, and *ex officio* treasurer

of the school fund of that county, their promissory note for the sum of $640, payable in thirty months after its date, for certain lands described in the note, which was to inure to the benefit of the school fund of said county.   In 1858, Wilkinson mortgaged said lands to a mercantile firm in Mobile to secure the payment of $1,792 26.   In 1869, the said lands were sold by a commissioner in chancery, upon foreclosure of said mortgage, to J. J. Shannon.    Subsequently Shannon sold the said land to D. A. Wilkinson, who is now in the possession of the same.  John C. Wilkinson died in 1864, and said D. A. Wilkinson is his administrator.

In 1871 the school directors of Smith county, with D. H. Thompson, president of said board, filed in the chancery court of that county, a bill of complaint, setting forth the foregoing facts, and averring in addition, that said lands were leased for ninety-nine years as public property donated to schools ; that said note was given in purchase of said lease ; that said lands were leased under and in accorddance with the provisions of, and as directed and required by, an act of the legislature of the state, approved February 27, 1833 ; that said note had never been paid, but is due and unpaid, and the bill prays that upon the final hearing thereof, said land be decreed to be sold to satisfy said note, and interest and for general relief.

The note, the mortgage to Morange & Co., the conveyance upon the sale under said mortgage to Shannon and the conveyance from Shannon to D. A. Wilkinson, are made exhibits.   The lease does not appear in the record, though alleged to be given.

D. A. Wilkinson, in his individual capacity, and as administrator of the estate of John C. Wilkinson, deceased, W. T. Ward and J. J. Shannon are made defendants. The defendant Wilkinson appeared and demurred to the bill, stating the following causes: "1st. Said school directors have no authority to institute and maintain said suit in their fiduciary capacity in any court of law

or equity in the state. 2d. It is not shown in and by said bill that any legal sale or lease of said school lands was ever made to the said J. C. Wilkinson, nor is it alleged in said bill that the mode for leasing said lands as prescribed in the act specially pleaded by complainant in the said bill was ever complied with. 3d. It is shown in and by said bill and exhibit A, that said note was payable to John V. Ford, and not to the board of trustees as required by said section 31 of said act, and is therefore void. 4th. It is shown in and by said bill that, if the trustees, or John V. Ford for the trustees of said township, ever had any right to maintain an action on said note and enforce their specific lien on said lands, that by their own laches they have lost the same by failing and refusing to proceed to collect the same at maturity, as required by the thirty-second section of said act. 5th. It is not shown in and by said bill that O. Morange & Co., or J. J. Shannon, or D. A. Wilkinson, ever had any notice of any outstanding claims by the trustees of said school fund upon said land. 6th. The heirs of J. C. Wilkinson are not made parties respondent to said bill. 7th. Said claim is barred by the statute of limitations. 8th. There is no prayer in said bill for an account to be stated between the parties or for any judgment. 9th. There is no equity appearing upon the face of said bill. 10th. Said bill is vague, uncertain and wholly informal." The court overruled the several causes of demurrer, except the sixth which was sustained, with leave to complainants to amend within sixty days, and citation was issued to bring in the heirs of J. C. Wilkinson, deceased. To this action of the court, the defendant, Wilkinson, excepted and prayed an appeal, which was granted.

By reference to art. 101, p. 555, Code of 1857, it will be seen that "when a demurrer shall be overruled, the defendant may appeal to the high court of errors and appeals without being first compelled to answer; and, if the decree shall be affirmed, the cause shall be remanded, to be proceeded in according to the practice of the court."

In the case before us, one cause of demurrer was sustained,

and leave was given to complainant to amend, whereas, by the Code above quoted, an appeal is allowed only " when a demurrer shall be overruled." We dismiss this appeal, therefore, for the want of jurisdiction, and not for the reason suggested in the argument of counsel. By this, the interests of neither party are affected, except by the consequent delay, and we suggest that the bill be amended generally, so as to obviate all technical objections, and presents only the material questions involved, upon which we advance no opinion, suggesting, however, that the lease and the record in the foreclosure of the mortgage in favor of O. Morange & Co. against J. C. Wilkinson be made exhibits, and inviting attention to the statute, Hutch. Code, 213, 214, §§ 1, 2, act of Feb. 27, 1833, which declares it to be the duty of the trustees on the final payment of the money which may be due and not before, to convey the right, title, use, interest and occupation of said sections * * * for and during, and until the full end and term of ninety-nine years," and to the doctrine in this class of cases, which devolves the *onus* of proof of failure to comply with the requirements of the statute by the trustees, upon the defendant, rather than upon the complainants to prove strict compliance. See, also, § 4 of ch. 22, laws of 1858, approved Dec. 2, 1858; ch. 71, §§ 1, 2, pp. 165, 166, laws of 1870; and Webster v. Parker, 42 Miss. 465. As we understand the record, the chancellor erred in sustaining the sixth cause of demurrer. With the pleadings properly stated, and the facts better understood, perhaps this case can be adjusted by agreement of parties. If not, and the case comes again to this court, we can, upon the record then presented, more satisfactorily undertake its solution.

*The appeal is dismissed.*